Petrillo Klein + Boxer

655 Third Avenue, 22nd Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

**ADAM H. SCHUMAN**
aschuman@pkbllp.com
D: 212.370.0390
M: 917.574.0883

November 12, 2023

BY ECF
The Hon. LaShann DeArcy Hall
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Karony, et al. (No. 23-CR-433)</u>

Dear Judge DeArcy Hall:

On behalf of our client, Braden John Karony, we respectfully request his immediate release from custody in accordance with the bail conditions set in the Release Order issued by U.S. Magistrate Judge Daphne A. Oberg, District of Utah, after a bail hearing on November 8, 2023 (the "Release Order," No. 23-MJ-1008).[1] Mr. Karony was arrested in Utah thirteen days ago.

In pursuing Mr. Karony's ongoing detention, the Government contends that Mr. Karony poses a serious risk of flight and a danger to the community, because Mr. Karony has travelled internationally and faces charges involving digital assets. Such generic assertions, which were also presented to Magistrate Judge Oberg, do not satisfy the Government's burden, see 18 U.S.C. § 3142(e)(1), to demonstrate that there is no condition or conditions to insure Mr. Karony's pre-trial presence, or that somehow the conditions contained in the Release Order are inadequate. Indeed, the Government's argument that detention is warranted because the charges involve cryptocurrency is contrary to the bail statute's requirement for the Government to show that no conditions of pretrial release can "reasonably assure" <u>this defendant's</u> appearance (*id*. (emphasis added)); otherwise, without more, every U.S. citizen facing criminal charges in the digital asset space would be detained through trial, in effect establishing an unrebuttable crypto presumption that contravenes the requirements of the bail statute (see 18 U.S.C. § 3142(e)(2) and (3) (listing the charges where a rebuttable presumption arises) and, of

---

[1] The docket entry states: "Minute Entry for proceedings held before Magistrate Judge Daphne A. Oberg: Detention Hearing as to Braden John Karony held on 11/8/2023. Defendant present with counsel and in custody. The government is seeking detention. Defendant makes an argument for release. The court finds the defendant can be a manageable risk with conditions. SEE ORDER SETTING CONDITIONS OF RELEASE. The government makes an oral motion to stay the release decision. The court grants the stay until 2:00 pm on 11/9/2023, to permit the filing of an appeal. Attorney for Plaintiff: Kevin Sundwall, Attorney for Defendant: Clayton Simms, Retained. Interpreter: Not Needed. Probation Officer: Wyatt Stanworth. Court Reporter: Michelle Mallonee.(Time Start: 2:01, Time End: 3:01, Room 8.400.) (lam) (Entered: 11/08/2023)"

course, is incongruent with precedents setting conditions of pretrial release where charges allege cryptocurrency malfeasance.  *See, e.g.,* Transcript of Proceedings as to Samuel Bankman-Fried re: Arraignment held on 12/22/2022, U.S. v. Bankman-Fried, No. 22-CR-00673 at 6:21-23, 15:7-18:5 (S.D.N.Y. Jan. 10, 2023), ECF No. 36 (granting pretrial release of cryptocurrency executive charged in eight-count indictment relating to alleged "fraud of epic proportions" involving theft of "billions of dollars from customers [and lenders]"). This cannot be the case.

Further, Mr. Karony's ongoing detention in Utah, together with multiple detention hearings conducted in both Districts, has prejudiced his ability to retain and consult with counsel and to begin to prepare his defense. Mr. Karony was arrested in the District of Utah and placed in custody on October 31, 2023.  An initial appearance was held three business days later, on November 3, 2023.  At the Government's request, a detention hearing was scheduled for November 8, 2023, a further three business days later, at which time the Release Order was issued at the conclusion of the detention hearing.  While Mr. Karony's detention for three days prior to his initial appearance itself raises concern of "unnecessary delay" under Fed. R. Cr. P. 5(a)(1)(A), the Government's pursuit of repeated continuances has materially extended Mr. Karony's detention in Utah, particularly taking into account that the Release Order granting his release on conditions issued on November 8, 2023.  *See* 18 U.S.C. § 3142(f) ("Except for good cause, a continuance … on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday)").

In sum, we respectfully request the immediate release of Mr. Karony from custody pursuant to the terms of the Release Order.  Any motion to revoke (or amend) the Release Order should occur before this Court or before Judge Komitee, in accordance with 18 U.S.C.§ 3145(a), where we have an opportunity to respond with Mr. Karony in the Eastern District of New York.  We understand that the first conference before Judge Komitee in this case has been scheduled for December 6, 2023, and that Magistrate Judge Oberg directed Mr. Karony to appear before Judge Komitee on that date.  This Court's November 9 Order staying enforcement of the Release Order should be lifted, and Mr. Karony should be released from custody in the District of Utah, forthwith.

**BACKGROUND**

Mr. Karony is a United States citizen who graduated from high school in Virginia, served for six years in the United States military, including in Afghanistan, and has no criminal history. Mr. Karony has extensive ties to the United States, including in Utah and in Florida.

The Indictment charges Mr. Karony and two other defendants with conspiracy counts whose alleged objects were securities fraud, wire fraud and money laundering.  No substantive violations have been charged.  On November 3, 2023, co-defendant Thomas Smith appeared before this Court (Hon. L. Bloom, MJ) and was released on conditions including a $500,000 bond, surrender of passport, electronic device monitoring, and similar routine conditions of pretrial release.  Mr. Smith was not allowed access to any digital assets.

In contrast, Mr. Karony has been detained for almost two weeks since his arrest in the District of Utah, including five days after the detention hearing requested by the Government. The Release Order, consistent with the recommendation of Pretrial Services and the conditions

set for co-defendant Smith, included a $500,000 bond, home detention in Miami, Florida, no access to digital assets, and no contact with witnesses.

Mr. Karony's ongoing detention has, among other things, impeded his right to retain and consult with counsel in this District, where he has been charged. At the hearing held before this Court on November 8, the Government failed even to produce Mr. Karony telephonically from the District of Utah so that he might participate in his own criminal case.

## ARGUMENT

The Government has failed to meet its burden that Mr. Karony poses a serious risk of flight and/or a danger to the community. As already found in the Release Order, a set of conditions – comparable to those set for co-defendant Smith by this Court – adequately mitigates any flight risk. 18 U.S.C. § 3142(e)(1) (pre-trial detention where "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as requested and the safety of any other person and the community"). The Government has presented no argument to justify the revocation or amendment of the Release Order, nor why Mr. Karony should not be entitled to release while the Court's review of the Release Order remains pending.

The Government issued an extensive publicity announcement regarding this case on November 1, 2023, which has engendered ongoing press coverage of these proceedings. This Court should protect Mr. Karony's right to defend himself against the charges without the prejudice being caused by: (a) the Government's pursuit of continuous detention hearings in two Districts; (b) the Government's effort to influence public perception of the charges against Mr. Karony; and (c) the Government's strained recitation of the facts, which do not support Mr. Karony's detention.

<u>Purported Serious Risk of Flight</u>. As recognized at Mr. Karony's detention hearing on November 8, 2023, Mr. Karony's repeated return to the United States on instances when he has travelled abroad rebuts the Government's argument that Mr. Karony poses a risk of flight. Indeed, the Government's assertion that Mr. Karony traveled outside the United States after learning of a grand jury subpoena punctuates the point: Mr. Karony always returned. This fact was expressly acknowledged by Magistrate Judge Oberg as "significant" and "compelling" when issuing the Release Order. And Mr. Karony would surrender his passport as a condition of his pretrial release.

Mr. Karony's wealth is not a factor that, *ipso facto*, implicates risk of flight, as the Government contends. Defendants of far more wealth than Mr. Karony have been found not to be a risk of flight.

Further, Mr. Karony's travel is fully explained by the fact that, as the Government acknowledges, Mr. Karony is engaged to marry a U.K. citizen. To the extent that Mr. Karony has some ties to the United Kingdom, that country does not pose a safe haven for fugitives in any event, given the ability to extradite from there. *United States v. Boustani*, 356 F. Supp. 3d 246, 255 (E.D.N.Y. 2019), *aff'd,* No. 19-344, 2019 WL 2070656 (2d Cir. Mar. 7, 2019) ("[F]requent international travel ... and extensive ties to foreign countries *without extradition* demonstrates Defendant poses a serious risk of flight." (emphasis added)). Finally, Mr. Karony

is prepared to reside in Miami as a condition of his pretrial release, as provided in the Release Order, through the conclusion of this case, where his fiancée would also reside.

The Government raises another red herring, in noting that Mr. Karony had applied to replace his passport prior to its expiration. As explained at the detention hearing held on November 8, 2023, Mr. Karony's passport had been physically damaged. How such an application establishes risk of flight is not apparent, and in fact makes no sense, given that someone seeking to evade United States jurisdiction might falsely claim that they lost a passport, so that they might surrender one to the Government and hold the other passport, to abscond; Mr. Karony's effort to replace a damaged passport with a new one is susceptible to no dishonest interpretation.

Most extraordinarily, the Government points out that Mr. Karony lived abroad during limited periods between the years 2001 and 2013. Mr. Karony is 27 years old. The fact that Mr. Karony lived abroad with family when he was a minor is of no import and highlights the weakness of the Government's application.

<u>Purported Danger to the Community</u>. Although the Government's burden in a bail hearing is to prove danger to the community by clear and convincing evidence, 18 U.S.C. § 3142(F)(2), the Government offers no basis for its argument, beyond its having filed charges in this case. According to the Government, the release of Mr. Karony from custody could result in further conduct as that alleged in the Indictment. This assertion cannot satisfy the Government's burden of demonstrating danger to the community by clear and convincing evidence; the bail statute does not provide a *de facto* presumption of detention for any of the three conspiracy charges alleged in this case. Here, the Release Order (like the conditions of release set for co-defendant Smith in this Court) restricts Mr. Karony's access to digital assets, as well as his contact with witnesses in the case. The Government has failed to meet its burden to demonstrate that such conditions are insufficient to address any risk of danger to the public.

\* \* \*

For the reasons above, we respectfully request that this Court's Order staying enforcement of the Release Order should be lifted and Mr. Karony should be released from custody (as provided in the Release Order) forthwith.

Respectfully submitted,

*/s/ Adam H. Schuman*

Adam H. Schuman
Caelyn Stephens