

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

DGR/MRG/JOE
F. #2021R00923

November 27, 2023

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Braden John Karony
               Criminal Docket No. 23-433 (EK)

Dear Judge Komitee:

      The government respectfully writes in response to defendant Braden John Karony's November 22, 2023 renewed motion for his immediate release from custody. (See ECF No. 21 ( the "Defendant's Letter").) On November 13, 2023, the Court vacated a District of Utah release order and ordered that the defendant be removed to this District in the custody of the U.S. Marshals Service ("USMS"). Nevertheless, the defendant now asserts that because his removal has not yet been completed, the Court should impose the very release order it recently considered and rejected after a lengthy hearing. For the reasons set forth below, the Court should reject that request.

      First, the defendant's complaints about the removal process are unfounded and do not warrant the relief he seeks. As the government has discussed with defense counsel at length prior to his filing, the movement of federal inmates falls within the province of the USMS who handles such removals across the country. That removal process involves a coordinated effort across multiple districts to ensure the safe transport of the defendant and every other inmate who is to be transported in USMS custody. After receiving the defendant's most recent motion, the government conferred again with the USMS who confirmed that the defendant's removal was formally submitted consistent with the Court's November 13, 2023 order and they are awaiting the issuance of a formal manifest (travel itinerary) for the defendant's transport. Once issued,

the defendant will be transported.[1] The Court should permit the USMS to complete its removal process before reaching the defendant's renewed application for bail.

Second, even if the defendant's objections warranted re-opening a detention hearing, this Court's findings at the prior hearing remain correct. As the government previously argued, the bail conditions set in the District of Utah were insufficient to assure the defendant's continued appearance in this case given, among other things, his lack of U.S. ties, substantial foreign ties, and access to substantial, untraceable assets. Attempting to buttress his argument for release, the defendant asserts that his ability to "prepare a bail package and to prepare his defense" has been prejudiced by his detention in Utah. The Court should reject this conclusory and baseless assertion. There is nothing known to the government or before the Court to suggest that the defendant is differently situated from all other federal inmates who remain available to consult with counsel while in custody.

Accordingly, because the defendant is currently in the removal process with the USMS and has not presented any new conditions or evidence to warrant any change to the prior order of removal and detention, his motion for release or a hearing should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Drew G. Rolle
Matthew R. Galeotti
John O. Enright
Assistant U.S. Attorneys
(718) 254-7000

cc: All Counsel of Record (by ECF)

---

[1] Defense counsel's letter sets out a purported timing and schedule of the defendant's transport, but that information is unfounded. The USMS informed the government that it does not share itinerary and movement information with defense counsel or the public to ensure those transports can occur safely and mitigate the risks of third party disruption.