


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DGR/MRG/JOE  *271 Cadman Plaza East*
F. # 2021R00923  *Brooklyn, New York 11201*

November 29, 2023

<u>By E-Mail</u>

Adam H. Schuman
Petrillo Klein + Boxer LLP
655 Third Avenue, 22nd floor
New York, NY  10017

      Re:    <u>United States v. Braden John Karony</u>
                <u>Criminal Docket No. 23-433 (ERK)</u>

Dear Mr. Schuman:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.     <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

    Please find enclosed the following, which reflects statements of the defendant:

- Federal Bureau of Investigation ("FBI") FD-302 Report and underlying notes of a November 1, 2021 voluntary interview with Braden John Karony, Bates numbered EDNY-KARONY-00000001–EDNY-KARONY-00000013.

- FBI FD-302 Report and copies of communications sent from SafeMoon US LLC, and signed by defendant Braden John Karony, sent to the FBI on February 11, 2022, Bates numbered EDNY-KARONY-00000014–EDNY-KARONY-00000018.

- An October 31, 2023 Receipt for Property, signed by the defendant, listing items seized from the defendant at the time of his arrest, Bates numbered EDNY-KARONY-00000019.

- Documents, communications and other records obtained from Discord, Inc. pursuant to a search warrant for Discord Username "CPT_HODL_T_MUN" with user ID 233043453645160448, Bates numbered EDNY-KARONY-00000020.

- FBI FD-302 Report of the October 31, 2023 arrest of the defendant, Bates numbered EDNY-KARONY-00000021—EDNY-KARONY-00000022.

- FBI FD-395 Advice of Rights form signed by the defendant on October 31, 2023, Bates numbered EDNY-KARONY-00000023.

- Audio-video recording of the defendant's custodial interview, Bates numbered EDNY-KARONY-00000024.

- United States Marshals Service Personal History of Defendant (USM-312) form, Bates numbered EDNY-KARONY-00000025–EDNY-KARONY-00000027.

- FBI booking package for defendant Braden John Karony, Bates numbered EDNY-KARONY-00000028–EDNY-KARONY-00000033

B. The Defendant's Criminal History

The government is not currently aware of any prior criminal history for the defendant.

C. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling one or more experts at trial to testify concerning blockchain technology, digital assets, cryptocurrencies, and decentralized finance applications. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

D. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

   E.  Other Crimes, Wrongs or Acts

  The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

  The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

  The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

  The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

  Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.  Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

  The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by December 15, 2023. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email

3


addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/
        Drew G. Rolle
        Matthew R. Galeotti
        John O. Enright
        Assistant U.S. Attorneys
        (718) 254-6783

Enclosures

cc:     Clerk of the Court (ERK) (by ECF) (without enclosures)