# DAVID B. SMITH, PLLC

Nicholas D. Smith
1123 Broadway, Ste 909
New York, NY 10010
917.902.3869
nds@davidbsmithpllc.com

David B. Smith
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703.548.8911 / fax 703.548.8935
dbs@davidbsmithpllc.com

February 23, 2024

**VIA ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: *U.S. v. Braden J. Karony*, *et al.*, 1:23-cr-433-EK

Dear Judge Komitee:

  Braden Karony, by counsel, respectfully submits this letter in response to the document titled "Press opposition to redaction of bond suretors in US v. Karony et al., 23-cr-0443-EK," which was emailed to chambers and subsequently docketed by the Court at ECF No. 55. For the following reasons, and even assuming the Court treats the document as a motion, the relief it seeks should be denied.

**Background**

  On October 31, 2023, a three-count indictment was returned charging Karony and two co-defendants with securities fraud conspiracy, wire fraud conspiracy, and money laundering conspiracy. Indictment, ECF No. 1. The charges concern alleged misconduct related to SafeMoon Token, a digital asset alleged to have been issued in or about March 2021 by SafeMoon US LLC. *Id.*, ¶¶ 1-2. Following his arrest, between October 31 and February 9, 2024 Karony was detained in Utah and, subsequently, the Metropolitan Detention Center.

  On February 9, 2024, Magistrate Judge Taryn A. Merkl held a bail hearing and released Karony upon the bond and conditions set out in the Order Setting Conditions of Release and Appearance Bond. ECF No. 53. The bond was in the amount of $3 million, cosigned by six parties, and secured by various assets. Although four of the cosigners appeared at the public hearing—either in person or via telephone—two additional cosigners executed the bond at later dates and without appearing at a hearing. At the February 9 hearing, the defense moved the Court to redact the names and addresses of the suretors, relief to which the government did not object. No member of the press lodged an objection. The Court granted the motion, which is reflected in the relevant minute entry that appeared on the morning of February 16. ECF No. 51 ("Sureties names and addresses should be redacted on the bond that is available to the public ECF.").

On February 16, counsel had a conversation with one of the two cosigners who had yet to execute the bond. The cosigner expressed concerns about their name and address being unsealed. Counsel responded that while he could not guarantee that the suretor's name would forever remain nonpublic information, the Court had granted a defense motion to redact suretor names. The suretor appeared to rely on the Court's order in signing the bond that day. The suretor represents that their spouse has business interests that may suffer from the unsealing of their name. Another suretor is a retried intelligence official with approximately 20 years of government service. Much of their career was spent undercover and in hostile environments around the world. On more than one occasion their family has been targeted by violent non-state actors. It is not improbable that the suretor remains a target for such hostile groups and individuals.

Eight days after the public bail hearing, a nonparty emailed chambers with an "opposition" to the defense's motion to redact suretor names. ECF No. 55.

**Argument**

The standard for reconsideration in a criminal case is the same as the standard for reconsideration in a civil case. *E.g.*, *United States v. Alvarez-Estevez*, 13-cr-380-JFK, 2014 U.S. Dist. LEXIS 197238, at *1 & n. 1 (S.D.N.Y. Nov. 6, 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . ." *Shrader v. CSX Transp.*, *Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *United States v. Baldeo*, 13-cr-125-PAC, 2015 U.S. Dist. LEXIS 6152, at *1 (S.D.N.Y. Jan. 20, 2015) (quoting *Montanile v. National Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

The Supreme Court has recognized the public's qualified right to inspect and copy judicial records and documents. *Nixon v. Warner Comms.*, *Inc.*, 435 U.S. 589, 597-98 (1978). However, even if the Court determines that a particular document is a "judicial document" and a presumption of access attaches, it must determine the weight of that presumption and balance competing considerations against it. *United States v. Bankman-Fried*, 22-cr-673-LAK, 2023 U.S. Dist. LEXIS 15565, at *4-5 (S.D.N.Y. Jan. 30, 2023) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Relevant competing interests include but are not limited to the privacy interests of those resisting disclosure, including the nature and degree of injury resulting from disclosure. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

In *Bankman-Fried*, the court granted a motion filed by various media outlets to unseal the names of Sam Bankman-Fried's non-parental bail sureties. The court reasoned that the bonds

signed by such sureties were "judicial documents," albeit ones that did not confer much weight on the presumption of access given that the magistrate judge did not rely on the sureties' identities in approving the defendant's release pretrial. *Bankman-Fried*, 2023 U.S. Dist. LEXIS 15565, at *4. Decisive was the fact that the non-parental sureties did not point to any concrete disclosure harms, only to "speculative" claims that they might be harassed like Bankman-Fried's parents.[1]

Here, the Court should decline to unseal the suretors' names and addresses for several reasons. First, unlike in *Bankman-Fried*, the nonparty here has neither moved to intervene nor moved to unseal suretor names. He emailed the Court a document styled an "opposition." ECF No. 55. His request should be denied as it comports with none of the Local Rules governing motion practice, and there is no party to whom the Court can grant the relief. The media are not exempt from rules that bind other parties and would-be parties.

Second, the letter request should be denied because it does not satisfy the "strict" reconsideration standard, i.e., by showing "controlling decisions or data" that the Court previously "overlooked." *CSX Transp., Inc.*, 70 F.3d at 257. The requesting nonparty could have appeared at the public bail hearing on February 9 to lodge his objection in a case he was evidently monitoring. He did not and the Court, doubtless aware of the judicial documents rule, rendered an unqualified decision.[2]

Finally, assuming arguendo that the suretors were "judicial documents" relied on by the magistrate judge, the privacy interests here overcome any presumption of access. The unsealing of one suretor's name and address could result in violent attacks to which their intelligence background has repeatedly exposed them. Another suretor relied on the Court's unqualified sealing order in signing the bond. The business interests of that suretor's spouse could be jeopardized by unsealing. The public already has access to virtually all the bond's terms and conditions; suretor names and addresses specifically did not play such a sizeable role "in the performance of Article III duties" that they overbalance the privacy interests limited to one corner of the otherwise public judicial document. *Amodeo*, 71 F.3d at 1050.

---

[1] Karony notes that even the *Bankman-Fried* court agreed that Bankman-Fried's parents would likely have presented privacy interests overbalancing the presumption of access. 2023 U.S. Dist. LEXIS 15565, at *4.

[2] By contrast, in *Bankman-Fried* the court's initial redaction of suretor names was expressly "without prejudice to any [press] application to release the [suretor names]." 2023 U.S. Dist. LEXIS 15565, at *2. Thus, unlike here, there was no reconsideration hurdle.

The Honorable Eric R. Komitee
February 23, 2024
Page 4

Dated: February 23, 2024          Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

cc: Counsel of record by ECF