# DAVID B. SMITH, PLLC
Nicholas D. Smith
1123 Broadway, Ste 909
New York, NY 10010
917.902.3869
nds@davidbsmithpllc.com

David B. Smith
108 North Alfred Street, 1st FL
Alexandria, VA 22314
703.548.8911 / fax 703.548.8935
dbs@davidbsmithpllc.com

April 17, 2024

**VIA ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:  Motions Schedule in *U.S. v. Braden J. Karony*, *et al.*, 1:23-cr-433-EK

Dear Judge Komitee:

  I write regarding the briefing schedule for motions. In yesterday's status conference, counsel for Defendant Thomas Smith requested a schedule in which pretrial motions would be due in September, noting voluminous digital discovery and related issues. Defendant Karony's counsel observed that his client had filed a motion to dismiss on April 9 (ECF No. 63), but neglected to request that the Court sequence briefing in such a way that challenges to the Indictment would be addressed before the parties have reviewed terabytes of discovery.[1] That was counsel's mistake.

  As the Court knows, it is not uncommon for courts to prioritize motions to dismiss over other pretrial motions, since the dismissal of charges, or even a single charge, can obviate a great deal of work for the parties. *E.g.*, *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), cert. granted, No. 23-5572, 217 L. Ed. 2d 285 (U.S. Dec. 13, 2023) (considering indictment challenge made in a motion to dismiss resolved before other pretrial motions); *United States v. Cornelsen*, *et al.*, 1:15-cr-516-JGK (S.D.N.Y. Oct. 7, 2021), ECF No. 11 (same, in connection with extraterritoriality argument in securities fraud case); *United States v. Ji Hu*, *et al.*, 1:21-cr-265-PKC (E.D.N.Y. Dec. 10, 2021), ECF No. 114 (same). Early resolution of a motion to dismiss can also facilitate, or at least provide legal clarity to, potential plea bargaining. Conversely, where motions to dismiss are resolved a year or more into the case, those efficiencies can be lost. In those circumstances, it can thus appear there is a presumption that the motion will be denied.

---

[1] The Court's Individual Rules require parties to wait for a briefing schedule before serving motion papers. Rule IV.A.2. Counsel apologizes for filing Karony's motion prior to yesterday's conference. Had he entered his appearance in this case before the previous status conference, counsel would have requested permission to file the motion.

Karony understands that motions to dismiss are not commonly granted in criminal cases. If this were a firearms, narcotics or check fraud case (for example), counsel would not write the Court with a request to prioritize motion-to-dismiss briefing. Here, however, Karony's motion contends that the Indictment applies the Securities Exchange Act of 1934 to cryptocurrency in novel ways. Last month, the Second Circuit considered the presumption against extraterritoriality in the context of Securities Act claims involving cryptocurrency. *Williams v. Binance*, __ F.4th __, 2024 U.S. App. LEXIS 5616 (2d Cir. Mar. 8, 2024). Karony's motion argues that the face of the Indictment shows a mismatch between its securities fraud charge and the domestic-security-transaction standard set in *Binance*. Mot., ECF No. 63, pp. 11-14.[2] The Court may well disagree. But, in Karony's view, the matter is not so clearly in the government's favor as to wipe out efficiencies from early resolution of the issue.

Following yesterday's conference, Karony asked the government whether it would agree to brief his motion on a timeline that could yield a decision before the case's one-year anniversary. The government responded:

> The government respectfully objects to the alteration of the pretrial motion schedule, and, for efficiency purposes, proposes to file opposition to all such motions on a single date, consistent with the Court's scheduling order of April 16, 2024.

In contrast, Karony does not see significant, if any, efficiencies in simultaneously briefing the extraterritoriality issue and (say) a motion to suppress evidence. However, he does see the potential for material efficiency gains if the motion to dismiss is resolved in accordance with the default briefing periods in the Local Rules. Accordingly, Karony respectfully requests that the Court modify the schedule such that the government would respond to the motion by May 7, with Karony's reply brief due May 14. The rest of the schedule would remain the same.

Dated: April 17, 2024                    Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com
*Counsel for Braden J. Karony*

cc: Counsel of record by ECF

---

[2] Civil litigation related to SafeMoon that preceded the Indictment has also focused on the extraterritoriality issue and at the motion-to-dismiss stage.