# DAVID B. SMITH, PLLC

**Nicholas D. Smith**　　　　　　　　　　　　　　　　　　　　　　　　**David B. Smith**
1123 Broadway, Ste 909　　　　　　　　　　　　　　　108 North Alfred Street, 1st FL
New York, NY 10010　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
917.902.3869　　　　　　　　　　　　　　　　　　703.548.8911 / fax 703.548.8935
nds@davidbsmithpllc.com　　　　　　　　　　　　　　　　dbs@davidbsmithpllc.com

Feb. 5, 2025

**VIA ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:　*U.S. v. Braden J. Karony, et al.*, 1:23-cr-433-EK
> 　　　Motion to continue trial date given impending regulatory changes and government's tardy expert disclosures

Dear Judge Komitee:

Jury selection is scheduled for March 31, 2025. Karony, by counsel, respectfully moves the Court to continue that date by a month for the following reasons. The government objects to this relief but has declined to substantively confer with the defense for reasons it will not explain. As a result, briefing on this issue may be more protracted than necessary.

The Indictment charges Karony with Securities Fraud Conspiracy (Count One, 18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) and 78ff) and Wire Fraud Conspiracy (Count Two, 18 U.S.C. § 1349). ECF No. 1-4.[1] As the Court knows, Karony has moved the Court to dismiss Count One because, among other reasons, SafeMoon cryptocurrency, as described in the Indictment, does not satisfy the definition of *security* in 15 U.S.C. § 78c(a)(10) ("The term 'security' . . . shall not include currency . . ."). Within the last two weeks, the new administration has announced that the current regulatory regime governing digital assets will undergo significant changes.

Specifically, on January 23, an Executive Order issued concerning federal regulation of digital assets. *See* Strengthening American Leadership in Digital Financial Technology, Executive Order of Jan. 23, 2025.[2] It directs DOJ and SEC—among other departments and agencies—to submit recommendations, within 60 days of the Order, with respect to whether "regulations, guidance documents, orders, and other items that affect the digital asset sector"

---

[1] The Indictment also charges a Money Laundering Conspiracy (Count Three), which is a parasitic claim that presupposes the defendants' guilt on the fraud counts. Ind., ¶ 65.

[2] http://www.whitehouse.gov/presidential-actions/2025/01/strengthening-american-leadership-in-digital-financial-technology/.

The Honorable Eric R. Komitee
Feb. 5, 2025
Page 2

should be "rescinded or modified." *Id.*, § 4(b). On February 4, the acting SEC Commissioner announced that as part of that process, relevant departments and agencies will be determining "the status of crypto assets under the securities laws." Stmt. of Commissioner Hester M. Peirce, Feb. 4, 2025.[3]

That is to say, under the current scheduling order in this case, the parties may learn within days or hours of the commencement of trial that DOJ no longer considers digital assets like SafeMoon to be "securities" under the securities laws. Worse, the parties may learn this during or shortly after a trial, half of whose charges rest on the government's claim that SafeMoon is such a security. Among other problems, this renders motion-in-limine practice extremely difficult. There may well be categories of evidence that would be admissible in a securities fraud case but not a wire fraud case. The same is true of certain defenses. To take one example, see 15 U.S.C. § 78ff(a) ("[N]o person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation.").

Making this problem more difficult, the government has declined to respond to the defense's attempts to sort out these issues before trial. For example, on October 15, 2024, Karony's counsel inquired whether the government contends there is a legal difference between the materiality standard under the Exchange Act and the wire fraud statute. The answer to this question could shed light on whether a trial exclusively on a wire fraud count would entail a body of evidence different from that in a trial on a securities fraud charge. The government declined to respond.

Similarly, when Karony's counsel inquired whether the government would agree to a one-month continuance in light of the recent Executive Order on digital assets, the government replied, "We object to your proposed adjournment." Asked whether it would substantively confer on this point by giving a reason for objecting, the government again declined to respond.

There are additional reasons to continue the trial date.[4] On February 3, the government filed a letter to "alert" the Court and parties, "out of an abundance of caution," that it will attempt

---

[3] http://www.sec.gov/newsroom/speeches-statements/peirce-journey-begins-020425.

[4] Besides impending regulatory changes and delayed expert disclosures, the government is attempting to shift the cost of discovery production on to the indigent defendant. The government has informed the defense that it will comply with its *Brady* and Rule 16 obligations in connection with certain digital discovery only on the condition that the defendant—or rather the defense counsel—pay for the expense of production in the form of costly terabyte-sized hard drives. Challenged to identify a law or other authority that permits the government to impose a *Brady* or Rule 16 tax on the defendant, the government responded that CJA funds would "cover"

The Honorable Eric R. Komitee
Feb. 5, 2025
Page 3

to offer rebuttal expert witness testimony on "the failures of [the] expected testimony" of Karony's expert witness. Gov't Ltr., Feb. 3, 2025, ECF No. 86 at 1. The government's notice does not comply with the scheduling order or with Rule 16. The former directed that the "government will complete expert discovery and make its expert disclosures on or before July 12, 2024." Minute Order 4/16/2024. In the event, the government did not make its expert disclosure until October 11, 2024. Karony Ltr., ECF No. 77 at 1. Although Rule 16 requires a "complete statement" of the expert's proposed opinion testimony in its case-in-chief or rebuttal case, Fed. R. Evid. 16(a)(1)(G)(iii), the government's disclosure contained no opinions, just generalized statements about the crypto industry. ECF Nos. 77, 81 (Motion in Limine to Preclude Expert Testimony of John Griffin).

On October 25, 2024, Karony provided the government a fulsome report setting forth his expert's opinions. At no point between that date and the government's February 3 letter did it notify the defense of any opinion that its expert would offer in rebuttal testimony. The February 3 letter itself does not provide a "complete statement" of any rebuttal opinion testimony but rather promises an "event study to refute Mr. Mizrach's opinion"[5] at some unknown date in the future, with fewer than two months before trial. Gov't Ltr., Feb. 3, 2025, ECF No. 86 at 1. These are grounds for excluding the proposed rebuttal testimony. *United States v. Kaufman*, No. 19-CR-504 (LAK), 2021 U.S. Dist. LEXIS 170367, 2021 WL 4084523, at *19 (S.D.N.Y. Sept. 8, 2021) (citation omitted), aff'd, No. 21-2589, 2023 U.S. App. LEXIS 3275, 2023 WL 1871669 (2d Cir. Feb. 10, 2023) (precluding testimony where party's expert disclosures "[m]erely identify[]" many of "the general topics about which [the expert] will testify" rather than "reveal[ing] his actual opinions."); *see also United States v. Kwok*, No. 23-CR-118 (AT), 2024 U.S. Dist. LEXIS 74281, 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (finding disclosures deficient under Rule 16 because they stated that an expert may opine on topics such as "'what a cryptocurrency is,' 'the characteristics of [H Dollar] and [H Coin] as cryptocurrencies,' and 'what stablecoins are'" without "indicat[ing] [the expert's] actual opinions on these topics"). But at the least, the government's delayed disclosures are grounds for a trial continuance.

If the parties proceed to trial on a securities fraud charge only to find out that the government no longer regards the SafeMoon cryptocurrency as a security, it could require redoing a trial that could last over three weeks. That is not a good use of the Court's or the

---

it. In fact, it can take up to a year or longer for court-appointed counsel to be reimbursed for such costs. There is no authority for the outrageous claim that the government can delay or refuse discovery productions mandated by law unless and until the indigent defendant's lawyer personally defrays the cost of digital productions for up to a year before reimbursement.

[5] The Court may recall that one of the government's prosecutors once forcefully argued to the Court that expert testimony concerning an event study would be irrelevant and inadmissible in this case.

The Honorable Eric R. Komitee
Feb. 5, 2025
Page 4


parties' time.  For all these reasons, Karony respectfully requests a one-month continuance of the trial date.


Dated: February 5, 2025               Respectfully submitted,

                                      */s/ Nicholas D. Smith*
                                      Nicholas D. Smith
                                      1123 Broadway, Suite 909
                                      New York, NY 10010
                                      Phone: (917) 902-3869
                                      nds@davidbsmithpllc.com
                                      *Counsel for Braden J. Karony*