

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DGR
F. #2021R00923

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 7, 2025

By ECF

The Honorable Eric Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Braden John Karony et al.
                Criminal Docket No. 23-433 (EK)

Dear Judge Komitee:

      The government writes in response to defendant John Karony's February 5, 2025 letter requesting a one-month adjournment of trial, which is scheduled to start on March 31, 2025. In support of his adjournment request, Karony points to his belief that there will be "significant policy changes" that he claims will affect the securities fraud conspiracy set out in Count One of the Indictment. Def. Ltr. 1–2. The Court should deny this request. Karony points only to aspirational regulatory policies that do not exist. Moreover, the defendants are charged not only with participating in a securities fraud conspiracy, but also the wire fraud and money laundering conspiracies alleged in Counts Two and Three of the Indictment. These additional counts have nothing to do with SafeMoon's status as a security or the hypothetical policies to which the defendant points. Because there are no impending regulatory changes that would bear on this criminal case, Karony's request should be denied.

      The defendant claims that a delay is also warranted because different defenses will be available to him depending on the counts presented to the jury at trial. For support, Karony cites only to 15 U.S.C. § 78ff(a) and implies that this provision will allow him to defend against the securities fraud conspiracy charge by claiming he was unaware that his conduct violated specific SEC rules and regulations. But that defense does not exist. To prove <u>substantive</u> securities fraud (which is not charged), the government would have to prove that Karony acted willfully, but he "need not be aware of the specific law that his conduct may be violating." <u>United States v. Kosinski</u>, 976 F.3d 135, 154 (2d Cir. 2020); <u>United States v. Kaiser</u>, 609 F.3d 556, 568 (2d Cir. 2010) ("[W]hatever 'willful' might mean for purposes of other statutes, for the purposes of Section [78ff], it does not encompass the requirement that a defendant knew he was violating the law."); <u>United States v. Peltz</u>, 433 F.2d 48, 54 (2d Cir. 1970) ("A person can willfully violate an SEC rule even if he does not know of its existence.").

Instead, the "no knowledge" language to which Karony cites relates to the punishments that apply to substantive securities fraud violations. See United States v. Kaiser, 609 F.3d 556, 568 (2d Cir. 2010) ("[A] defendant may raise the defense that he did not know the law to avoid imprisonment.").

Finally, the government must address certain inaccurate representations contained in Karony's letter. As a purported additional basis to adjourn trial, Karony asserts that the government "informed the defense that it will comply with its Brady and Rule 16 obligations in connection with certain digital discovery only on the condition that the defendant—or rather the defense counsel—pay for the expense of production in the form of costly terabyte-sized hard drives." Def. Ltr. 2 n.4. This never happened. The government has and will continue to comply with all of its disclosure obligations. To that end, consistent with its last production of electronic devices to Karony, the government asked counsel by email on February 3, 2025: "to provide a hard drive onto which we may load the [electronic] materials" and suggested that counsel "re-use the last hard drive" counsel provided to the government for discovery. Counsel now objects to providing any additional hard drives citing an expected delay in CJA reimbursement. Given the upcoming trial date, the government has secured its own hard drives to provide to defense counsel, and will request that counsel return the drives after downloading the material so they may be reused in this matter.

Accordingly, for the foregoing reasons, the Court should deny Karony's request for a one-month adjournment.

                                                                        Respectfully submitted,

                                                                       JOHN J. DURHAM
                                                                       United States Attorney

By:    /s/
         Drew G. Rolle
         Dana Rehnquist
         Sara K. Winik
         John O. Enright
         Assistant U.S. Attorneys
         (718) 254-7000

cc:    All Counsel of Record (by ECF)