```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
               -against-                        23-CR-433 (EK)


 BRADEN JOHN KARONY, KYLE NAGY, and
 THOMAS SMITH,

                    Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      A grand jury sitting in this district returned a three-count indictment against Braden Karony.  The indictment charged conspiracy to commit securities fraud (Count One), conspiracy to commit wire fraud (Count Two), and conspiracy to commit money laundering (Count Three).  Karony now moves to dismiss the indictment.  He argues that Counts One and Two are impermissibly extraterritorial, and that Counts One and Three fail to state an offense.  For the following reasons, the motion is denied.

      **I.   Legal Standard**

      An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  To satisfy this requirement, an indictment typically "need do little more than to track the language of the statute charged and state the

approximate time and place of the alleged crime." *United States v. Thompson*, 141 F. Supp. 3d 188, 194 (E.D.N.Y. 2015).[1]

When considering a motion to dismiss an indictment, a court must assume the truth of the indictment's allegations. *United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999). And a court must abide the Court of Appeals' directive that dismissal of an indictment is "an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001).

## II. Discussion

Karony makes three overarching arguments. First, he asserts that Counts One and Two should be dismissed because the indictment alleges securities and wire fraud schemes that are "impermissibly extraterritorial." Def. Mem. in Supp. of Mot. to Dismiss 1, ECF No. 63. Second, he claims that Count One can be dismissed on the alternative ground that the SafeMoon token ("SFM") is not a "security" under federal law. *Id*. Third, he asserts that because Counts One and Two must be dismissed, Count Three — which requires an unlawful predicate act, and relies on the acts described in Counts One and Two as predicates — must also be dismissed for failure to state an offense.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**A.   Karony's Extraterritoriality Objections are Premature**

The government argues that we need not reach the merits of Karony's extraterritoriality arguments, because those arguments are not yet ripe.

"Extraterritoriality typically is assessed after a full presentation of the evidence at trial." *United States v. Bankman-Fried*, 680 F. Supp. 3d 289, 309 (S.D.N.Y. 2023).  This is because whether an indictment charges domestic or extraterritorial conduct is "a merits question." *United States v. Prado*, 933 F.3d 121, 138 (2d Cir. 2019).  So, as with any merits question, the government is "entitled to put on its evidence" about the domestic (or non-domestic) application of the statute, and the defendant is entitled to challenge that evidence "both on a Rule 29 motion and before the jury." *United States v. Phillips*, 690 F. Supp. 3d 268, 284 (S.D.N.Y. 2023).  It would be premature for the Court — before hearing evidence beyond the limited facts in the indictment — to assess whether the government alleges an extraterritorial application of the securities and wire fraud statutes.  *Id.* at 281.

Karony responds by citing two out-of-circuit cases in which courts dismissed an indictment (in whole or in part) on extraterritoriality grounds.  Def. Reply Mem. 7 n.10, ECF No. 76.  But neither case involved a factual dispute about whether the indictment charged domestic or extraterritorial conduct.

3

Rather, they involved *legal* disputes about whether a given criminal statute reached conduct that was indisputably extraterritorial.

In *United States v. Ali*, the Court of Appeals affirmed the district court's pretrial dismissal of a count charging conspiracy to commit piracy. 718 F.3d 929, 942 (D.C. Cir. 2013). There, the indictment expressly stated that the charged conduct occurred "on the high seas and elsewhere outside the jurisdiction of any particular state or district of the United States." Indictment ¶ 2, *United States v. Ali*, No. 11-CR-106 (D.D.C. Apr. 29, 2011). The question there was whether the underlying conspiracy statute — 18 U.S.C. § 371 — applied to the defendant's unquestionably extraterritorial conduct. That was a legal question, not a factual one.

Similarly, in *United States v. Sidorenko*, the district court dismissed bribery and wire fraud charges after determining that Congress had not authorized the extraterritorial application of those statutes. 102 F. Supp. 3d 1124, 1129 (N.D. Cal. 2015). The indictment in that case affirmatively alleged that the offenses in question were "begun and committed outside the jurisdiction of any particular State and district of the United States." See Indictment ¶¶ 25, 28, 30, *United States v. Sidorenko*, No. 14-CR-341 (N.D. Cal. June 26, 2014); *see also Sidorenko*, 102 F. Supp. 3d at 1127 (noting that "all of this

4

conduct occurred outside the United States," and citing indictment).  The government did not dispute that it was seeking an extraterritorial application, instead arguing (unsuccessfully) that the two statutes could apply extraterritorially under the Supreme Court's decision in *United States v. Bowman*, 260 U.S. 94 (1922).  *Sidorenko*, 102 F. Supp. 3d at 1129.

Here, the government does not argue that the securities and wire fraud statutes should apply to admittedly extraterritorial conduct.  Rather, the government alleges that the charged conduct is not extraterritorial in the first place.  *See, e.g.*, Indictment ¶¶ 62, 64, ECF No. 1 (alleging that conduct charged in Counts One and Two occurred "within the Eastern District of New York and elsewhere"); Gov. Mem. in Opp'n to Mot. to Dismiss 12, 18, ECF No. 75 (pointing to allegations that Karony made false statements to U.S.-based investors and used domestic wires).  And whether the charged conduct is domestic or extraterritorial is — at least in part — a factual issue that should not be resolved until the government can present its evidence at trial.  *Phillips*, 690 F. Supp. 3d at 284; *cf.* Fed. R. Crim. P. 12(b)(3) (a motion to dismiss must be made pretrial if it can be "determined without a trial on the merits").

Accordingly, Karony's extraterritoriality objections to Counts One and Two are not amenable to resolution on a motion to dismiss the indictment.

**B.  Karony's Argument that SFM Is Not A Security Is Premature**

Karony also argues that the government fails to allege conspiracy to commit securities fraud, because SFM is a not a "security."  But this argument is also premature.

The Securities Act and the Exchange Act define the term "security" for purposes of a securities fraud prosecution. 15 U.S.C. §§ 77b(a)(1), 78c(a)(1); *see also Marine Bank v. Weaver*, 455 U.S. 551, 555 n.3 (1982) (noting that the two definitions are essentially identical).  Both statutes define security to include, among other things, an "investment contract."  15 U.S.C. §§ 77b(a)(1), 78c(a)(1).  To show that a person bought an investment contract, the government must show that he "invest[ed] his money in a common enterprise and [was] led to expect profits solely from the efforts of the promoter or a third party."  *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946).

Whether an instrument qualifies as an investment contract is — assuming sufficient evidence has been adduced at trial — an issue for the jury. *See United States v. Rogers*, 9 F.3d 1025, 1033 (2d Cir. 1993) ("[P]rovided there was sufficient evidence in the case and upon timely request, Rogers was

6

entitled to have . . . the jury decide whether the items at issue were securities."); *accord United States v. Zaslavskiy*, No. 17-CR-647, 2018 WL 4346339, at *4 (E.D.N.Y. Sept. 11, 2018). That means SFM's status as a security (or not) should be left to the jury, or resolved by the Court pursuant to a motion under Rule 29 or Rule 33. *Zaslavskiy*, 2018 WL 4346339, at *4. The parties' "spirited debate" as to the proper categorization of SFM therefore comes too soon. *Id.* Right now, all that matters is whether the indictment states the "essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). It does. *See* Indictment ¶ 61.

Though it does not need to, the indictment also provides some supporting facts. For example, it alleges that investors offered something of value (i.e., other digital currencies) to acquire SFM. *Id.* ¶¶ 22, 31. It also alleges that SafeMoon taxed every SFM transaction, and then "reflected" half of that tax revenue back to investors on a prorated basis — features that might suggest a common enterprise. *See id.* ¶ 20; *Revak v. SEC Realty Corp.*, 18 F.3d 81, 87 (2d Cir. 1994) (a common enterprise is one that "t[ies] each individual investor's fortunes to the fortunes of other investors by the pooling of assets, usually combined with the pro-rata distribution of profits"). And it alleges that Karony led investors to believe they could make money based on SFM reflections and the gradual

7

reduction in the SFM supply.  Indictment ¶¶ 29, 36.  This could — depending on what emerges at trial *in toto* — suggest that SFM satisfied the third *Howey* prong as well.  *See Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 355 (S.D.N.Y. 2019).

In sum, the indictment alleges that SFM is an investment contract.  While Karony disagrees with this allegation, the Court should not resolve that fundamentally factual dispute before the parties can develop the record at trial.

**C.   Count Three Adequately Alleges a Predicate Act**

As relevant here, a defendant commits money laundering when he (1) knows that "property involved in a financial transaction represents the proceeds of some form of unlawful activity," and (2) "conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity," in order to (3) "avoid a transaction reporting requirement under State or Federal law." 18 U.S.C. § 1956(a).

Karony argues that because the government has not properly alleged conspiracy to commit wire or securities fraud, it has not alleged the underlying "unlawful activity" that is required to support a charge for conspiracy to commit money laundering.  But for the reasons outlined above, Counts One and

8

Two survive.  Accordingly, Karony's challenge to Count Three also falters.

### III. Conclusion

For the foregoing reasons, the motion to dismiss the indictment is denied.


SO ORDERED.


       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    April 18, 2025
          Brooklyn, New York