```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA,

         -against-                          MEMORANDUM & ORDER
                                                23-CR-433
  BRADEN J. KARONY,

                   Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

       The Court previously entered a temporary restraining order against certain of defendant Braden Karony's assets in anticipation of ordering restitution at sentencing (the "temporary order") under the All Writs Act.  ECF No. 220.  That order is set to expire on September 12.  The government has moved to continue it, and Karony opposes that motion.[1]  ECF Nos. 225, 226.

       Separately, the Court had ordered the government to indicate what evidence it intended to rely on at sentencing to establish "loss" under U.S.S.G. § 2B1.1(b)(1).  The government has now responded that it intends to argue that the "total loss amount" from the fraud "reasonably cannot be determined due to difficulties with calculating the reduction in the value of the Safemoon securities to all investors caused by the offense."

---

[1] Karony's earlier motion for "clarification" regarding what assets he may use to hire new counsel or, alternatively, for a hearing to address the same, is also implicated by the asset restraint and his motion remains pending.  ECF No. 215.

ECF No. 228 at 1-2. Therefore, the government contends, the "gain" to Karony and his co-conspirators should be used as an alternative measure of loss for purposes of the Guidelines. *Id.* at 2.

Karony argues that this latest submission from the government has implications for the temporary order and motion to continue it. ECF No. 229. The asset restraint was entered to ensure that restitution would be available to the victims. *See* ECF No. 220; *United States v. Catoggio*, 698 F.3d 64 (2d Cir. 2012) (per curium). In an earlier submission, the government represented that the eventual restitution order would likely be in the "tens of millions." ECF No. 219 at 2. But, as Karony points out, ECF No. 229 at 1-2, the government's argument that loss cannot be reasonably determined may be in tension, at least, with the showing required for a restitution order. *See generally* 18 U.S.C. § 3663(A); *United States v. Tanner*, 942 F.3d 60, 66-67 (2d Cir. 2019) (explaining that restitution order "must be tied to the victim's actual, provable, loss" and "reflect a reasonable approximation of losses supported by a sound methodology"). Further, if "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process," the MVRA "shall not

apply" to offenses against property under Title 18, like those Karony was convicted of.  18 U.S.C. § 3663A(c)(3)(B).

The government is therefore ordered to submit a letter, not to exceed five pages, addressing the defendant's argument by Monday, September 15.  The Court will continue its earlier temporary restraining order, ECF No. 220, until Friday, September 19.


SO ORDERED.


                                            /s/ Eric Komitee
                                            ERIC KOMITEE
                                            United States District Judge


Dated:   September 10, 2025
        Brooklyn, New York