```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
            -against-                         23-CR-433(EK)

BRADEN J. KARONY,

                  Defendant.
-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

Sentencing in this case is set for January 16, 2026. The government seeks an order of forfeiture including a forfeiture money judgment in the amount of $7,571,699, as well as the forfeiture of specific assets as to which the jury returned a special verdict. Proposed Prelim. Order of Forfeiture, ECF No. 247-1. The government contends that the amount of the proposed forfeiture money judgment is supported by the evidence adduced at trial. Letter in Supp. of Proposed Prelim. Order of Forfeiture 4-6, ECF No. 252.

The defendant disputes the government's arguments concerning the forfeiture amount. He contests, among other things, the "dates of the 'gains' that the government calculated" in GX 6006, a series of slides prepared by its asset tracing witness, Special Agent Petrower. Letter Regarding Objections to Prelim. Order of Forfeiture 2, ECF No. 251. He also argues that the government "inaccurately classified"

certain "Safemoon business costs" as personal expenses. *Id.*

Fed. R. Crim. P. 32.2(b)(1)(B) provides that when forfeiture is contested, "on either party's request the court must conduct a hearing after the verdict or finding of guilty." Given that requirement, the Court scheduled a forfeiture hearing for January 7.

To obtain an order of forfeiture, the government must demonstrate by "a preponderance of the evidence," *United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007), that the property "constitutes or is derived from proceeds traceable to" a specified offense, including securities fraud conspiracy and wire fraud conspiracy. *See* 18 U.S.C. § 981(a)(1)(C).[1] Forfeiture is mandatory "[i]f the defendant is convicted of the offense giving rise to the forfeiture . . . ." *See* 28 U.S.C. § 2461(c). In making its forfeiture calculation, the court "may use general points of reference as a starting point," *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011), and "need only make a reasonable estimate . . . given the available information." *United States v. Treacy,* 639 F.3d 32, 48 (2d Cir. 2011). The government can carry its burden by pointing to "evidence already in the record" or "any additional evidence or information submitted by the parties and accepted by the court

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

Here, the government has pointed to evidence and testimony introduced at trial. Letter in Supp. of Proposed Prelim. Order of Forfeiture 4-6. The government asserts that this evidence is sufficient, as it stands, to carry its burden. Letter in Resp. to Forfeiture Hearing Request 1, ECF No. 255. At this point, the Court expresses no view on the correctness of that assertion. The decision of whether it wants to adduce additional testimony at the hearing falls to the government.

If the defense wishes to present evidence at the hearing, it should advise the Court no later than December 30 of any intention to call witness(es) at that hearing, including by identifying the witnesses and the specific subject matter of their testimony. No such testimony should be duplicative of testimony adduced at trial.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   December 21, 2025
         Brooklyn, New York

3